[No. 8,013.—Department Two.]

## J. K. MITCHELL v. F. HECKER ET AL.

PUBLIC ADMINISTRATOR—SURETIES ON OFFICIAL BOND—ESTATES OF DE-CEASED PERSONS—CONSTRUCTION OF ORDER OF PROBATE COURT.—A petition was presented by W., in his official character as Public Adminis-trator, for letters of administration on the estate of C.; but in the order appointing him and in his letters his official character was not referred to. *Held*, in an action against the sureties on his official bond for money of the estate wrongfully appropriated by him, that the letters were issued to W. in his official character, and that his sureties were liable.

APPEAL by certain defendants, from a judgment for plaintiff in the Superior Court of the County of Butte. HUNDLEY, J.

A petition for hearing in bank in this case was filed after judgment, and denied.

*L. C. Granger* and *George Cadwalader*, for Appellants.

The language of the orders and letters is to govern its interpretation, if it is clear and explicit, and does not involve an absurdity. (Civil Code, Sec. 1638; 3 Bl. Com. 331; *Sherman* v. *Story*, 30 Cal. 256; *Hahn* v. *Kelly*, 34 id. 407, 424.)

To charge the sureties, the official or representative capacity of the petitioner as Public Administrator, had to appear clearly stated in the order or letters; presumptions will not do. (Bliss on Code Pleading, Sec. 145; *Ex parte Frazer*, 54 Cal. 96; *Sheldon* v. *Hoy*, 11 How. Pr. 11.)

It was not the duty of, nor could the petitioner, as Public Administrator, administer on the Clark estate without a grant of administration by a clear order of Court, or letters of administration, addressed to him and given him in his official capacity. (C. C. P., §§ 1726, 1727.)

*Reardan* and *Freer*, for Respondent.

The petition on its face showed that it was in Washburn's official capacity he applied for letters, and that the words

Public Administrator in. the petition were not *descriptio persona* merely.   (§ 1371, C. C. P.)   *Sayre* v. *Nichols*, 7 Cal. 535; *Bryan* v. *Berry*, 6 id. 397, 398; *Spear* v. *Ward*, 20 id. 676; *Pentz* v. *Stanton*, 10 Wend. 271; *Evans* v. *Wells & Spring*, 22 id. 325; *Stanley* v. *Chappell*, 8 Cow. 236; *Fox* v. *Drake*, id. 191; *Scramton* v. *F. & M. B.* 33 Barb. 527; *Houghton* v. *First N. B.*, 26 Wis. 663; *Carpenter* v. *Farnsworth*, 106 Mass. 561.)

The order relates to the petition, and shows that the Court considered the petition in making the order, because it appointed " said Washburn."   (*Stanley* v. *Chappell*, 8 Cow. 236.)

The Court will not look alone to the order appointing Washburn or the letters issued, but will construe them in connection with his petition as other pleadings and papers are construed.   (C. C., §§ 1641, 1642, 1647.)

MORRISON, C. J. :

Plaintiff as administrator of the estate of E. D. Clark, deceased, brings this action against the defendants as sureties on the official bond of one W. A. Washburn, Public Administrator.   It is admitted that Washburn was the Public Administrator of the county of Butte; that the defendants are sureties on his official bond; that he took out letters of administration on the estate of E. D. Clark, deceased, and that he has wrongfully appropriated to his own use, of the funds of the estate, the amount for which plaintiff recovered a judgment in the Court below.   It is claimed however, as a defense to the action, that the letters were granted to Washburn by the Probate Court of Butte county, in his individual capacity, and not to him as Public Administrator.   This is the only point in the case.

If the letters were granted to Washburn as Public Administrator, defendants are liable, otherwise not.   The petition for letters states " that your petitioner is the Public Administrator, and therefore, as your petitioner is advised and believes, entitled to letters of administration of said estate." The order granting letters of administration reads as follows: " The petition of William A. Washburn, praying for letters of administration of the estate of Elisha D. Clark, deceased, coming on regularly to be heard, and due proof having been

made to the satisfaction of the Court that the Clerk had given notice in all respects according to law; and all and singular the law and the evidence by the Court understood and fully considered: whereupon, it is by the Court here adjudged and decreed, that the said Elisha D. Clark died on the twenty-first day of November, 1879, intestate, in the county of Butte; that he was a resident of Butte county at the time of his death; and that he left estate in the county of Butte, and within the jurisdiction of this Court. It is ordered that letters of administration of the estate of Elisha D. Clark, deceased, issue to the said petitioner, William A. Washburn."

The petition was presented by Washburn in his official character, and his claim to letters was based upon the fact that he was Public Administrator of Butte county. It was that petition which the Probate Judge acted upon, and it was under that that petitioner was appointed. We are therefore of the opinion that the letters were issued to Washburn in his official character as Public Administrator, and not to him individually.

Judgment affirmed.

SHARPSTEIN and THORNTON, JJ., concurred.